IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THOMAS CASH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIV. ACT. NO.  2:18-cv-936-TFM-SMD |
| | ) |
| LIFESOUTH COMMUNITY BLOOD CENTERS, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Pending before the Court is Plaintiff's *Amended Motion to Extend Discovery Deadline* (Doc. 49, filed 9/1/20),[1] in which Plaintiff seeks to extend certain deadlines set out in the Scheduling Order, as previously amended. *See* Docs. 23, 29, 38, 39, 44. Plaintiff asserts that the parties have been working diligently to depose all necessary witnesses in this case but have encountered travel and other delays related to the ongoing Covid-19 pandemic. Plaintiff asserts that additional time is needed to complete discovery and requests a sixty (60)-day extension of the discovery period. Plaintiff also seeks an extension of the deadline for filing dispositive/*Daubert* motions but does not seek any other extensions.

Defendant responded (Doc. 51, filed 9/4/20). Defendant does not overtly oppose the motion but indicates that Plaintiff requested several last-minute depositions. Defendant also appears to indicate that, as a result, filing dispositive and/or *Daubert* motions by the current deadline would be difficult.

---

[1] Plaintiff filed an initial Motion to Amend Discovery Deadline on August 31, 2020 (Doc. 48). Plaintiffs filed the amended motion the following day seeking the same relief.

Accordingly, for good cause shown, the Amended Motion to Extend Discovery Deadline (Doc. 49) is **GRANTED with modifications**.[2]  The Scheduling Order (Doc. 23) is **AMENDED** as follows:

**SECTION 2:  Dispositive Motions.**  Dispositive motions, *e.g.*, motions for summary judgment, shall be filed no later than **December 8, 2020**.  A brief and all supporting evidence shall be filed with any such motion.  In all briefs filed by any party relating to the motion, the discussion of the evidence in the brief must be accompanied by a specific reference, by page and line, to where the evidence can be found in a supporting deposition or document.  Failure to make such specific reference may result in the evidence not being considered by the court.

**Daubert motions** shall be filed on or before the above dispositive motions deadline, unless the deadline is modified by the court upon motion of a party demonstrating good cause.

**SECTION 3:  The Parties' Settlement Conference.**  No later than **December 18, 2020**, counsel for all parties shall conduct a face-to-face settlement conference at which counsel shall engage in good faith settlement negotiations.  If settlement cannot be reached, counsel shall also discuss whether mediation will assist the parties in reaching settlement.  Not more than **FIVE (5) DAYS** after this conference, counsel for the plaintiff shall file a pleading titled "Notice Concerning Settlement Conference and Mediation."  This pleading shall indicate whether settlement was reached and, if not, whether the parties believe mediation or a settlement conference with the presiding judge will assist them in resolving this case short of trial.

**SECTION 7:  Discovery Cutoff.**  All discovery shall be completed on or before **November 3, 2020**, except that, as to any witnesses whose names are not revealed until the last day allowed under SECTION 9 or whose names are not revealed with sufficient time for the other parties to take a deposition prior to the pretrial conference, the opposing party shall have the deadline in this paragraph extended to allow for deposing such witnesses

Otherwise, the Scheduling Order (Doc. 23) remains unchanged.  However, the Court notes that the pretrial conference is currently set for February 16, 2021, with a March 2021 trial term to follow.  The parties are put on notice that those dates may be changed, if necessary, to accommodate briefing on any dispositive motions and provide the Court adequate opportunity for review.

---

[2] The parties' settlement conference deadline was October 20, 2020, which falls within the extended discovery period requested by Plaintiff.  Therefore, the Court has *sua sponte* reset that deadline.

Additionally, Plaintiff's initial Motion to Extend Discovery Deadline (Doc. 48), which is still pending on the docket, is **DENIED as moot.**

**DONE and ORDERED** this 10th day of September 2020.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE